IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>AURELIUS SIR LAWRENCE ROBINSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-130-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Aurelius Robinson's Motion to Continue Trial [Doc. 111], filed on September 18, 2026.

Defendant asks the Court to continue the October 20, 2026 trial date [*Id.* ¶ 1]. As grounds, Defendant asserts that the parties are engaged in active negotiations to resolve this case but "despite due diligence, additional time will be required to resolve certain issues in order to facilitate a fair and reasonable potential plea agreement" [*Id.* ¶ 2]. Defendant contends a continuance is needed for the parties to explore a negotiated resolution and serves the ends of justice [*Id.* ¶ 3]. Defendant understands all time between the filing of this motion and his new trial date will be excluded from his speedy trial calculus [*Id.* ¶ 4]. The Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel was substituted as Defendant's counsel of record on September 3, 2026 [Doc. 110]. Newly-appointed counsel needs time to engage in plea negotiations and, if negotiations are not fruitful, to prepare the case for trial. Additionally, the Court observes that the parties await resolution of Defendant's dispositive motions [Docs. 27 & 39] and will need to prepare for trial in light of the District Judge's orders. *See id.* § 3161(h)(1)(D) & (H). The Court finds that this cannot occur before the October 20, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial [**Doc. 111**]. The trial date is reset to **February 9, 2027**. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on September 18, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (1)(H), & (7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Robinson's Motion to Continue Trial [**Doc. 111**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 9, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 18, 2026**, and the new trial date of **February 9, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 8, 2027**;

(5) the deadline for filing motions *in limine* is **January 25, 2027**, and responses to motions *in limine* are due on or before **February 2, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 26, 2027, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 29, 2027.**

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge